NOT DESIGNATED FOR PUBLICATION

No. 117,988

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PETER ALLAN MWANGI MBURU,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed March 30, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Peter Mburu appeals the district court's decision to impose the remainder of his jail sentence for his DUI conviction after he violated the conditions of his post-imprisonment supervision. He argues that the court should have given him an intermediate sanction or modified sentence—such as 5 or 30 days in jail—instead of the 9 months left of his original sentence. But Mburu violated several terms of his post-imprisonment supervision, which gave the district court the discretion to order Mburu to serve the remainder of his sentence. We find no abuse of discretion in the district court's decision to do so.

On January 7, 2016, Mburu pleaded guilty to third-offense driving under the influence of alcohol—a felony. The district court sentenced Mburu to 90 days in jail,

followed by 12 months of post-imprisonment supervision and statutory fines. The district court imposed several conditions on his post-imprisonment supervision, including orders not to drive, to update his address if he moved, and to make monthly payments toward his statutory fines.

Mburu was released from jail on post-imprisonment supervision in March 2016. In January 2017, the State filed a motion to revoke Mburu's post-imprisonment supervision, alleging that Mburu didn't update his supervising officer when he moved, didn't make his mandatory court payments, and committed new offenses—driving without an interlock device and speeding. The district court decided that Mburu was a danger to the public and ordered him to serve the remaining 9 months of his original sentence.

On appeal, Mburu argues that the district court should have ordered an intermediate sanction or modified sentence, such as 5-30 days in jail, rather than impose the 9 months left of his original sentence. Under K.S.A. 2017 Supp. 8-1567(b)(3), a district court must impose a mandatory 1-year period of post-imprisonment supervision on a third DUI conviction. But when a driving-under-the-influence offender violates the terms of post-imprisonment supervision, the district court has the discretion to revoke the post-imprisonment supervision and to impose "additional jail time," including the remainder of the jail sentence. K.S.A. 2017 Supp. 8-1567(b)(3); *State v. Castillo*, 54 Kan. App. 2d 217, Syl. ¶ 5, 397 P.3d 1248 (2017).

Accordingly, we review the district court's decision in Mburu's case only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).We find nothing unreasonable about the district court's decision here. Mburu was placed on post-imprisonment supervision after he submitted a breath-test reading of .303—way over the .08 limit. Mburu was ordered not to drive as a condition of his post-imprisonment

supervision, but he continued to do so and violated several other terms of his post-imprisonment supervision. In these circumstances, a reasonable person could agree with the district court's decision to order Mburu to serve the remainder of his underlying sentence.

On Mburu's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to order Mburu to serve his underlying sentence.

We affirm the district court's judgment.